# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-220-MTT |
| | ) |
| WARDEN NATHAN BROOKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Plaintiff moves the Court to reconsider its judgment (Doc. 12) of October 17, 2018. For the following reasons, those motions (Docs. 13, 14) are **DENIED**.

## BACKGROUND

On August 21, 2018, United States Magistrate Judge Thomas Q. Langstaff recommended denying Plaintiff Willie James Terrell, Jr.'s application to proceed *in forma pauperis* (Doc. 2) and dismissing his complaint because the Plaintiff had three strikes under the PLRA. Doc. 10; *see* 28 U.S.C. § 1915(g). The Magistrate Judge rejected the Plaintiff's argument that his claims were exempt from the three-strike provision because he was in imminent danger of serious physical injury. Doc. 10 at 3-6. The Plaintiff's argument for that exception concerned a past assault at a different prison and a growing lump on his head, and he alleged he was transferred to Calhoun State Prison in retaliation for grievances and litigation and to prevent him from getting surgery for the lump. *Id.* at 4-5. It appears the lump resulted from a beating by another inmate,

allegedly at the behest of prison staff.  *Id.* at 3; Doc. 3 at 5; *Terrell*, 5:17-cv-441, Doc. 1 at 5.  The Magistrate Judge noted that the prior assault at a different prison alleged past danger and thus was insufficient to qualify for the PLRA's imminent danger exception.  Doc. 10 at 4.  The Magistrate Judge also found that the allegations concerning the lump on his head were insufficiently developed to show an imminent threat of serious bodily injury.  Doc. 10 at 4-5.  Objections were due within fourteen days of service, and the Magistrate Judge warned the parties of the consequences of failing to object.  *Id.* at 6-7.  The Plaintiff did not object, and the Court adopted the Magistrate Judge's Recommendation.  Doc. 11.  On October 17, 2018, judgment was entered for the Defendants.  Doc. 12.

The Plaintiff has since filed a document styled as an objection (Doc. 13), which is dated October 17 and was filed October 25, as well as another objection (Doc. 14), which is dated October 24 and was filed November 1.  Even considering the prison mailbox rule[1] and allowing for delays in prison mailings, the objections here are over a month past the objection deadline and were filed after final judgment was entered.

**A. Standard**

Taking the mailbox rule into consideration and assuming the Plaintiff delivered his objections to prison officials on the date he signed them, the Plaintiff's two objections were filed within twenty-eight days of the entry of judgment.  "'[I]f a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule

---

[1] Under the "prison mailbox rule," a prisoner's complaint, or in this case objection, is deemed to be filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

59(e), however it may be styled.'" *Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988) (citations omitted); *Brown v. Spells*, 2011 WL 4543905, at *1 (M.D. Ga. 2011) (determining that Fed. R. Civ. P. 59 as opposed to Fed. R. Civ. P 60 applies to a motion to amend judgment that was filed within twenty-eight days of the entry of judgment). The Court may alter or amend a judgment under Rule 59(e) only if the moving party shows "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). In this case, the Plaintiff has neither presented any "newly-discovered evidence" nor shown any "manifest errors of law or fact." *Jacobs*, 626 F.3d at 1344. He is not, therefore, entitled to relief under Fed. R. Civ. P. 59(e).

Even taking Fed. R. Civ. P. 59(e) out of consideration and reviewing the "objections" using the same standard the Court would have employed had they been timely filed, the Plaintiff is not entitled to relief. In other words, even considering the objections and making a de novo review of the Recommendation pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff is not entitled to relief, for the reasons discussed below.

**B. Analysis**

*1. First Untimely Objection*

In this first untimely objection, the Plaintiff alleges: (1) he did not receive ice for his heat intolerance from May 2018 through July 2018 at Calhoun State Prison; (2) ten Defendants at Washington State Prison denied him access to a heat and cold intolerance profile from July 22, 2018 until August 20, 2018; (3) various Defendants at

Augusta State Medical Prison refused to give him a heat intolerance profile from August 19, 2011 until September 23, 2011; (4) he was "poisoned" at Augusta State Medical Prison in 2011; (5) he was sexually assaulted in 2010 at Hays State Prison; (6) in 2014 he was stabbed and denied medical care at Autry State Prison because he refused to participate in phone scams; (7) his law library sessions have been cancelled; (8) his mail has been intercepted by various prison staff; (9) his grievances have been improperly denied; and (10) his criminal trial and/or appellate counsel acted under a conflict of interest that resulted in ineffective assistance of counsel. Doc 13 at 1-11. The Plaintiff argues these various allegations show "the ongoing serious physical injury and pattern of widespread systematic misconduct" that he has endured. Doc. 13 at 12.

These allegations do not show that the Plaintiff faces an "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g). Much of the alleged misconduct occurred years ago at various prisons in which the Plaintiff is no longer confined. Also, the Plaintiff complained of a retaliatory transfer and lack of medical care for a "lump on his head" in his original and amended complaints. Docs. 1; 3. In this objection, he complains of actions occurring from 2010 until the present, none of which involve the retaliatory transfer or the lump on his head that he raised in his complaints. Also, the Plaintiff has filed numerous actions in this Court in the past in which he attempted to raise many of these same claims: *Terrell v. Owens*, 5:12-CV-134 (sexual assault allegations); *Terrell v. Schwall*, 7:10-CV-151 (retaliatory transfer, denial of allergy medication, and interference with mail); *Terrell v. Schwall*, 7:10-CV-152 (retaliatory transfer, denial of allergy medication, and interference with mail); *Terrell v. Olens*, 1:14-CV-120 (2014 stabbing at Autry State Prison and alleged denial of medical care); *Terrell*

-4-

*v. Bass*, 1:14-CV-139 (denial of access to the law library and the 2014 stabbing at Autry State Prison). In these previous actions, the Court either transferred the action because the Plaintiff filed the complaint in the wrong venue or denied his motion to proceed *in forma pauperis* because the Plaintiff had accrued three strikes and failed to show imminent danger. The same is true with the Plaintiff's first objection. He has failed to show imminent danger, and therefore there is no basis for the Court to reconsider its Order.

### 2. Second Untimely Objection

In his second untimely objection, the Plaintiff alleges that guards allowed two inmates to attack him and then transferred him in order to deprive him of medical treatment "for what may be cancer." Doc. 14 at 1. "More specifically, Plaintiff contends he was injured when he was attacked by another inmate . . . [and] he was sent to the emergency room (E.R.) for treatment, but he . . . still suffers from a 'growing lump on his head.'" *Id*. at 2. The Plaintiff alleges that a doctor at Augusta State Medical Prison informed him the "growing mass was probably cancer." *Id*. at 2-3. According to the Plaintiff, he was advised to have surgery to remove the "lipoma," but he does not trust the staff at the Augusta State Medical Prison to place him under anesthesia. *Id*. at 3. The Plaintiff apparently has refused the surgery. *Id*. The Plaintiff states he refused medical care at Augusta State Medical Prison "out of fear of death at the hands of medical staff." Doc. 14 at 5. The Plaintiff states he refused to sign the "anesthesia consent" form. *Id*.

The Plaintiff also provides a list of other alleged conditions and ailments: "blunt force trauma to the head" and "jaw-bone" that resulted in tooth injury and pain;

migraines; sinus infections; coughing up mucus; possible gum infection; "trouble seeing close and far distances;" sensitivity to light; arthritis in his right elbow and hand; blood in his stool; failure to receive a proper knee brace; sickle cell anemia; and chest pain. Doc. 14 at 4-9.

The Court notes that the Plaintiff has an action currently pending in this Court in which he alleged deliberate indifference to his serious medical needs, which include a "lump on his head" that occurred following an assault. *Terrell v. Davis*, 5:17-CV-441. The Plaintiff alleged that he had bruising, swelling, a "lump" on his head, blurred vision, sensitivity to light, chest pains, and bloody stools. *See Terrell v. Davis*, 5:17-CV-441, Doc. 17. He complained that he was not receiving any medical treatment. *Id.* That case is pending and is currently in discovery.

Thus, the Plaintiff is already litigating one 42 U.S.C. § 1983 action regarding the "lump on his head." He cannot file a separate action complaining of the same lack of medical care. *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of duplicative litigation because "an [*in forma pauperis*] complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed" under § 1915); *see also Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Accordingly, any claims regarding the lump on his head would be subject to dismissal as duplicative.

Additionally, based on the allegations in the Plaintiff's second objection, he is not being denied medical care. Instead, he simply refuses to let medical personnel at Augusta State Medical Prison operate. *See* Doc. 14 at 3.

For these reasons, the Court will not reconsider its October 17, 2018 Order in which it adopted the Report and Recommendation denying the Plaintiff's motion to proceed *in forma pauperis* and dismissing his actions without prejudice. Accordingly, construing the Plaintiff's out-of-time objections as motions for reconsideration, those motions (Docs. 13, 14) are **DENIED**.

**SO ORDERED,** this 18th day of December, 2018.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT